**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

```
_____
                                       )
DENISE HAYNESWORTH                     )
                                       )   Case No. 05-cv1111 (RJL)
       Plaintiff,                      )
                                       )
v.                                     )
                                       )
DOUGLAS MOORE                          )
                                       )
       Defendants.                     )
_____)
```

**PLAINTIFF'S RULE 16.3 REPORT AND PROPOSED SCHEDULING ORDER**

Preliminary Statement: Plaintiff has attempted since receiving the Answer to the Complaint to obtain Defendant's inclusions for a joint Rule 16.3 report without success. See attached fax and letter communication to defense counsel. Plaintiff is now advised that Tony Shaw was killed in an automobile accident within the past two weeks.

 1. <u>Dispositive Motions</u>: The plaintiff does not anticipate that this matter will be disposed of by dispositive motion.

 2. <u>Amendments</u>: No amendments to the pleadings or joining of additional parties is anticipated by any party.

 3. <u>Assignment to Magistrate</u>: Plaintiff does not request that this matter be assigned to a Magistrate for all purposes.

 4. <u>Settlement</u>: Plaintiff has agreed to discuss the possibility of settlement throughout the course of this matter.

5. <u>ADR</u>:  Plaintiff believes that after discovery is completed this case may benefit by mediation.

6. <u>Summary Judgment or Dismissal</u>: Plaintiff does not believe this matter can be resolved by way of motion for summary judgment or dismissal.

7. <u>Initial Disclosures</u>:  Plaintiff agrees to dispense with the requirements of F.R.Civ.P.26(a)(1) and have already discussed what information each party has at this point.

8. <u>Discovery</u>:  Plaintiff anticipates the necessity of deposing perhaps as many as four witnesses, including police on the scene, the plaintiff and non-governmental eyewitnesses.  The parties further believe that the following written discovery limitations should be sufficient:  thirty (30) written interrogatories; thirty (30) requests for production of documents.  The parties further request that determination of the number of requests for admissions be made toward the end of discovery, but anticipate that thirty (30) such requests will be sufficient.  Plaintiff believes that discovery should be concluded within ninety (90) days.

9. <u>Expert Witnesses</u>: Plaintiff does not anticipate the necessity of modifying the requirements of F.R.Civ.P. 26(a)(2) and believe that any expert witness depositions should be taken after eyewitness and party depositions.  Expert witness should be identified by the plaintiff within 60 days of the close of discovery.  Defendant should identify his expert witnesses within 30 days of the close of discovery.

10. <u>Class Actions</u>: Not applicable.

11. <u>Bifurcation</u>:  Plaintiff does not believe bifurcation is appropriate.

12. <u>Pretrial Conference</u>: Plaintiff requests that the pretrial conference be scheduled at the initial scheduling conference.

13. <u>Trial Date</u> : Plaintiff requests that the trial date be set at the pretrial conference.

                Respectfully submitted,

                CLOWER & CLARKE

DATE:   July 31, 2005        By:   _____
                                          KAY M. CLARKE, #443477
                                          601 Pennsylvania Avenue, NW
                                          The Pennsylvania Suite 205
                                          Washington, D.C.  20004
                                          (202) 638-0086
                                          Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was mailed first class, postage prepaid, this 31st day of July, 2005, addressed as follows:

Mr. John W. King, Esq.
Mr. Tony O. Shaw, Esq.
1522 K Street, NW
Suite 200
Washington, D.C.   20005

                                          _____
                                          KAY M. CLARKE