# UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA
## Civil Division

| | | |
|---|---|---|
| **DENISE HAYNESWORTH** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 05-CV1111 (RJL)** |
| | ) | |
| **DOUGLAS MOORE** | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>

COMES NOW, Defendant Douglas Moore by and through counsel Anthony M. Harmon, Esquire, on behalf of Rev. Moore's deceased counsel, Tony O. Shaw, Esquire, to respectfully request this Honorable Court to DENY Plaintiff's Motion to Compel.   In support of the Opposition filed herein, and for good cause, the Defendant states as follows:

### *<u>Preliminary Statement</u>*

1.      The substance of this case arises out of an erroneous and wrongful claim of assault and battery.

2.      Plaintiff claims that on 30 June 2006 (which should have been 30 June 2005), she issued Interrogatories and Requests for Production of Documents to Defendant by Mailing such to Defendant's Counsel, Tony O. Shaw, Esq.

3.      Between receipt of that Interrogatories and Request for Production of Document to Defendant and the due date for the submission of such answers, Tony O. Shaw, Esq., who was the Attorney of Record for the Defendant in this case, was tragically killed in an automobile accident on 23 July 2005.

4.      In support of Plaintiff's Motion, she erroneously relies on vague statements about

communication with Defendant's Attorney's staff, and with an Attorney who previously assisted Mr. Shaw, Attorney John King.  It should be noted that Attorney John King did, in fact, previously only assist Mr. Shaw in this matter, however, believes that he can continue to assist new counsel as we go forward with this case.

5.    Quite Frankly, Defendant is puzzled by the basis for the Plaintiff's request for the most extreme of remedies available to the Court. There should be no dispute that the Plaintiff's arguments, as articulated in its Motion to Compel, do not even remotely meet the standard by which the Court would justifiably force action on the Defendant's part, which would place him at an extreme disadvantage.

## *Legal Argument*

### Federal Rule of Civil Procedure 37:

First, Fed.R.Civ.P. 37 requires that the moving party must, *"include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action"*.  Here that has not been the case, as prior to making this motion, the Plaintiff has not made any recent efforts to contact the Deceased, Tony O. Shaw's Office, or Mr. John King.  Making this motion without having inquired about the progress of Mr. King's attempt to take over this case where Mr. Shaw left it goes against the very text of Fed.R.Civ.P. 37, in Plaintiff's failure to make an attempt to confer with Defendant prior to the filing of the motion, and thereby attempt to garner cooperation without Court action.

Secondly, as a general rule, Fed.R.Civ.P. 37 is in place for situations in which the party being motioned against has failed to do so because of its own failure, by way of refusal to comply with the rules regarding Discovery.  Such is not the case here.  As is well documented,

Mr. Shaw was diligently defending this case and filed an answer to the complaint, had begun to exercise the Discovery process, and was then uburptly and tragically killed in an automobile accident on 23 July 2005. This was a wholly <u>unexpected</u> and extraordinary event that occurred. With Mr. Shaw's death, Defendant was left with no attorney, in this matter.

Upon information and belief, Mr. Shaw was a solo practitioner, and therefore upon his death all his client were left without representation. There was no ongoing entity to handle all of Mr. Shaw's previous matters, and because Mr. Shaw maintained an active case load, countless clients (including the Defendant) were left without retained counsel on their cases.

As one could imagine, Mr. Shaw's office came to a complete stop. Upon information and belief, Attorney John King, who is referenced throughout Plaintiff's motion, was an associate Attorney or Of Counsel Attorney in Mr. Shaw's Office and not a partner with Shaw's Office. Mr. King was, therefore, not in a position to simply "step in" and finish this matter or others that Mr. Shaw handled. Any conversations Mr. King had with the Plaintiff's counsel were simply an attempt to assist with a very difficult set of circumstances faced by Mr. Shaw's clients.

The simple fact is that the Plaintiff does not offer any facts which rise to the level of "non-compliance" or "refusal to comply" necessary for the granting of this motion. Because a Motion to Compel remedy is generally disfavored by the Court, such would be wholly inappropriate here. If there is "good cause shown" that there are better remedies for the Court, such as better cooperation between the parties, and if there are obvious unforeseen and tragic circumstances that have prevented the Defendant from complying, then a Motion and Subsequent Order to Compel is not necessary here.

Therefore, as a result of the extreme set of circumstances faced by the Defendant, with his previous attorney's death, his previous diligence in defending the case (as evidenced by the

Answer to the Compliant and subsequent actions), the fact that he has now remedied the problem and found new counsel, that the Courts favor cooperation between parties during Discovery, and adjudication of such cases on the merits, and that none of the Defendant's actions have caused absolute any prejudice to the Plaintiff, it would not be appropriate to grant the Plaintiff's Motion to Compel at this time.

**WHEREFORE,** based on the foregoing, Defendant respectfully requests this Honorable Court to DENY Defendant's Motion to Compel.

Respectfully submitted,

Anthony M. Harmon, Esq.
Capital Law Partners, PLLC
1522 K Street, N.W.
Suite 200
Washington, D.C. 20005
(202) 347-6796
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was mailed first class, postage prepaid, this 21st

day of April, 2006, addressed as follows:

Kay M. Clarke, Esq.
601 Pennsylvania Avenue, N.W.
The Pennsylvania Suite 205
Washington, D.C. 20004
(202) 683.0086

Anthony M. Harmon, Esq.
Capital Law Partners, PLLC
1522 K Street, N.W.
Suite 200
Washington, D.C. 20005
(202) 347-6796
*Attorney for Defendant*