UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE HAYNESWORTH | ) |
| Plaintiff, | ) Case No. 05-cv1111 (RJL) |
| v. | ) |
| DOUGLAS MOORE | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR SHOW CAUSE**

COMES NOW the plaintiff, by counsel, and moves this Court for a Show Cause Order as to why the Defendant should not be held in contempt for the Defendant's refusal to respond to Plaintiff's Interrogatories and Requests for Production of Documents no later than November 24, 2006, as ordered by this Court on November 1, 2006.

On December 20, 2006, undersigned counsel spoke by telephone with James Butler, Esq., and inquired as to the Defendant's failure to respond to discovery. Undersigned counsel also advised that Plaintiff would be filing a Motion to Compel. Mr. Butler responded that he would be filing a Motion to Dismiss. Mr. Butler did not divulge the alleged grounds for such motion.

In support of her motion, plaintiff requests the Court's attention to the attached

1

Memorandum of Points and Authorities in support.

          Respectfully submitted,

          CLOWER & CLARKE

DATE: February 16, 2007      By:    ____Donald A. Clower_____
                                                    DONALD A. CLOWER, #948885
                                                    601 Pennsylvania Avenue, NW
                                                    The Pennsylvania Suite 205
                                                    Washington, D.C.  20004
                                                    (202) 638-0086
                                                    Counsel for Plaintiff

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On June 30, 2006, plaintiff issued Interrogatories and Requests for Production of Documents to the Defendant by mailing such, first class, postage prepaid, upon his counsel, Tony Shaw and John King.   The defendant has failed to respond to such discovery in any manner.

This Court ordered on November 1, 2006, that the Defendant would respond to Plaintiff's Interrogatories and Requests for Production of Documents no later than November 24, 2006.   Defendant has not responded in any manner to Plaintiff's written discovery.

Plaintiff has been unable to obtain any cooperation from either the defendant or John King, whose motion before the Court to be admitted *pro hac vice* has been denied. Tony Shaw, whose appearance was entered by the Answer to the Complaint, died in a car accident on July 23, 2005.  After receiving notice of this unfortunate event, and on August 15, 2005, plaintiff's counsel agreed to a 60-day extension for the defendant to

respond to discovery on or before October 15, 2005.

On October 11, 2005, plaintiff's counsel spoke with John King who advised that he did represent the defendant and that the defendant's discovery responses were available. Plaintiff's counsel agreed to an additional ten days for the defendant to provide the discovery responses. On October 17, 2005, this Court denied Mr. King's request to appear *pro hac vice* as counsel to the defendant.

Plaintiff prepared and faxed to defense counsel a proposed Meet and Confer Statement on June 30, 2005. No response was received. On July 31, 2005, plaintiff filed a Meet and Confer Statement. No response was received.

Mr. Butler then noted his appearance as counsel for the Defendant. On November 27, 2006, Plaintiff emailed Defense counsel her discovery request. See Exhibit A attached hereto.

This Court's November 1, 2006, scheduling order indicates that Defendant's discovery responses were due November 24, 2006. Defendant has yet to respond to any discovery requests. Defendant agreed to the scheduling order and, therefore, as of November 1, 2006, knew that Interrogatories and Requests for Production of Documents had been served. Nonetheless, no answers have been forthcoming.

Plaintiff is unable to proceed in discovery on this matter. Plaintiff requests that this Court order that the Defendant be held in contempt and that as the sanction the Defendant be prohibited from offering any evidence at trial, including that the Defendant be

prohibited from testifying at trial.

                                            Respectfully submitted,

                                            CLOWER & CLARKE

DATE:  February 16, 2007          By:       _____Donald A. Clower_____
                                                          DONALD A. CLOWER, #948885
                                                          601 Pennsylvania Avenue, NW
                                                          The Pennsylvania Suite 205
                                                          Washington, D.C.  20004
                                                          (202) 638-0086
                                                          Counsel for Plaintiff